IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DR. FELIX GUZMAN RIVADENEIRA,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Defendants. | CV 15-00060-BLG-SPW-CSO<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Dr. Felix Guzman Rivadeneira is a detainee confined in the McHenry County Jail in Woodstock, Illinois, awaiting removal to Ecuador. *See Guzman-Rivadeneira v. Prim*, 2015 WL 3542809, No. 15 C 4540 (N.D.Ill. June 3, 2015). He has submitted a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 (*ECF 1*) and a Motion to Proceed in Forma Pauperis (*ECF 3*). He brings this matter on behalf of himself and "thousands of federal detainees and their families here in United States of America and all over the world" and alleges that he, and the detainees whom he seeks to represent, have been subjected to unconstitutional conditions of confinement. *Complaint, ECF 1*.

1

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Because Rivadeneira is a civil detainee who does not appear to be facing criminal charges (*See Guzman-Rivadeneira v. Prim*, 2015 WL 3542809), he is not subject to the heightened procedures or restrictions to which prisoners must adhere to be granted in forma pauperis status. *See Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir. 2005) (an individual in INS custody is not a "prisoner" within the meaning of the Prison Litigation Reform Act); *Agyeman v. I.N.S.*, 296 F.3d 871, 886 (9th Cir. 2002) (an immigration detainee is not a prisoner for purposes of the provisions set forth 28 U.S.C. § 1915).

Rivadeneira has filed a Motion to Proceed in Forma Pauperis sufficient to make the showing required by 28 U.S.C. §1915(a). *ECF 3*. The request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

## II. DISCUSSION

Venue is not appropriate in this district.

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may,

> except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1).

In this case, Defendants do not reside in Montana. Rivadeneira is detained in Illinois not Montana and, therefore, the events or omissions giving rise to his claims presumably occurred in Illinois. Moreover, there is no indication that Rivadeneira resides in Montana or has any connection whatsoever with Montana. Venue is not proper in this district.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). According to PACER, Rivadeneira has filed no fewer than fifty identical lawsuits in district courts throughout the United States. Three of those cases have been transferred to the Northern District of Illinois. *See Rivadeneira v.*

3

*Department of Homeland Security*, No. 15 C 5552 (N.D. Ill.) (Alonso, J.) (received from Eastern District of North Carolina on June 23, 2015); *Rivadeneira v. Department of Homeland Security*, Case No. 15 C 5935 (N.D. Ill.) (Alonso, J.) (received from Southern District of Florida on July 7, 2015); *Rivadeneira v. Department of Homeland Security*, Case No. 15 C 6147 (N.D. Ill.) (Alonso, J.) (received from Western District of Louisiana on July 9, 2015). *Rivadeneira v. Department of Homeland Security*, Case No. 15 C 5552 (N.D. Ill.) (Alonso, J.) is currently pending but the other two cases have been dismissed as duplicative. *See Rivadeneira v. Department of Homeland Security*, Case No. 15 C 5935 (N.D. Ill.) (Alonso, J.), *ECF 8–Order dated July 10, 2015*; *Rivadeneira v. Department of Homeland Security*, Case No. 15 C 6147 (N.D. Ill.) (Alonso, J.)*, ECF 10–Order dated July 14, 2015*. Additionally, there is a case pending in the Eastern District of Wisconsin (which is assigned the case number included on the complaint filed in this court). *See Guzman-Rivadeneira v. Dept. of Homeland Security*, 2:l5-cv-00551-RTR.

In light of the pendency of the foregoing cases, and because

Rivadeneira alleges no facts to support venue in this Court, this action should be dismissed, without prejudice. The interests of justice do not warrant transfer of this case to another district because an identical case is already pending in the Northern District of Illinois where Rivadeneira is being held.

In addition, the Complaint should be dismissed because it is duplicative of other complaints filed across the country. As set forth above, Rivadeneira has filed no fewer than fifty identical lawsuits in district courts throughout the United States. Duplicative lawsuits filed by a plaintiff proceeding in forma pauperis are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). *See, e.g., Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995); *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). Rivadeneira's filing is duplicative of multiple other lawsuits and should be dismissed.

Accordingly, the Court issues the following:

# ORDER

1. Rivadeneira's Motion for Leave to Proceed in forma pauperis (*ECF 3*) is GRANTED.

2. The Clerk shall edit the text of the docket entry for the Complaint (*ECF 1*) to remove the word "LODGED" and the Complaint is deemed filed on June 26, 2015.

Further the Court issues the following:

# RECOMMENDATIONS

1. Rivadeneira's Complaint (*ECF 1*) should be DISMISSED.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Rivadeneira may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 20th day of July, 2015.

<i>/s/ Carolyn S. Ostby</i><br>
United States Magistrate Judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.